UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ————————————————————— )<br>IN RE APPLICATION OF USA PURSUANT )<br>TO 18 U.S.C. § 3512 FOR ORDER FOR )<br>COMMISSIONER'S APPOINTMENT FOR )<br>FRAUD INVESTIGATION )<br> )<br>————————————————————) | ML No: 1:20-ml-00479 |

*Reference:      DOJ Ref. # CRM-182-62049*

APPLICATION OF THE UNITED STATES FOR AN ORDER
FOR A COMMISSIONER'S APPOINTMENT PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel,

respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. § 3512,

appointing the undersigned attorney, Philip R. Mervis, Trial Attorney, Office of International

Affairs, Criminal Division, U.S. Department of Justice (or a substitute or successor subsequently

designated by the Office of International Affairs), as a commissioner to collect evidence and to

take such other action as is necessary to execute this and any subsequent, supplemental requests

for assistance with the above-captioned criminal matter from Georgia.  In support of this

application, the United States asserts:

RELEVANT FACTS

1.      The Central Authority of Georgia, the Office of the Prosecutor General, submitted

a request for assistance (the Request) to the United States, pursuant to the U.N. Convention

Against Transnational Organized Crime, Dec. 12, 2000, T.I.A.S. No. 13127, 2225 U.N.T.S. 209.

(the Convention).

2.      As stated in the Request, the Money Laundering Unit, Office of the Chief

Prosecutor, in Georgia, is investigating Garik Revazian (Revazian) and Oppenheimer Financial

LLC (the Company) for fraud and money laundering, which occurred between on or about

February 18, 2017 and September 20, 2017, in violation of the criminal law of Georgia,

specifically, Articles 180 and 194 of the Georgian Criminal Code, respectively.  Under the

Convention, the United States is obligated to assist in response to the Request.

3.      According to Georgian authorities, Revazian is the director of the Company, a

corporation that established bank accounts at JSC TBC Bank and JSC VTB Bank in Georgia.

Shortly after opening these accounts, Georgian authorities discovered that the Company received

significant sums of money into these accounts through wire transfers from companies and

individuals in the United States, Latvia, United Kingdom, Russia, Poland, Estonia and Hong

Kong.

4.      The wire transfers described above included the following transactions:

| Date | Transferor | Amount Transferred to the Company's Georgian accounts |
|------|------------|-------------------------------------------------------|
| February 18, 2017 | Victim 1 | USD 800,000 |
| March 23, 2017 | Victim 2 | USD 200,000 |
| March 31, 2017 | Victim 3 | USD 250,000 |
| April 4, 2017 | Victim 4 | USD 104,000 |
| April 5, 2017 | Victim 5 | USD 213,000 |
| June 13, 2017 | Victim 6 | USD 250,015 |

5.      On April 29, 2017, JSC TBC Bank received notifications from the intermediary banks reporting that the money transferred from Victim 3's account was reported by Victim 3 as a fraudulent transfer and Victim 3 requested the USD 250 000 to be returned.  However, JSC TBC Bank failed to return the money, as it had been withdrawn from the Company's account.

6.      In addition, the investigation established that the funds received from Victim 4 and Victim 5 were transferred by the Company to multiple accounts overseas.  Furthermore, the USD 800,000 received from Victim 1 was transferred by the Company to bank accounts overseas, including to the following U.S. accounts:  on March 1, 2017, USD 15,035 was transferred to Citibank, N.A., account number XXXXXX7402, held for the benefit of Bankrate LLC, located in the United States; and on March 3, 2017, USD 20, 350 was transferred to the Equity Bank account number XXXXX4651, held for the benefit of  Rsm Marketing LLC, located in the United States.  Georgian authorities believe that these subsequent transfers by the Company to overseas accounts are indicative of money laundering, as these subsequent transfers are designed to disguise the source and purpose of the transfer of criminal proceeds.

7.      On July 19, 2017, JSC TBC Bank received a notification from the intermediary reporting on the fraudulent nature of the transfer made by Victim 2 to the Company's account on March 23, 2017.  In this report, the account holder requested the return of the funds. Similarly, on September 20, 2017, JSC TBC Bank received a notification from the intermediary bank reporting on the fraudulent nature of the transfer made by Victim 1 to the Company on February 18, 2017.  The account holder requested the return of the funds.  The return of these funds was not possible as they had already been transferred overseas.

8.      Given this established pattern of fraudulent transfers to the Company's accounts, following the receipt of the funds transfer from the J.P. Morgan Chase Bank, N.A., account

number XXXXXX4812, held for the benefit of Victim 6, located in the United States, Georgian authorities restrained the disposition of funds in the accounts held by the Company.

9.      To further the investigation, Georgian authorities have asked U.S. authorities to provide bank records and interview account holders associated with the Company's transfers to Citibank N.A., account number XXXXXX7402 and Equity Bank account number XXXXX4651, respectively; and the transfer from the JP Morgan Chase Bank, N.A., account number XXXXXX4812.

<u>LEGAL BACKGROUND</u>

10.      A treaty[1] constitutes the law of the land.  U.S. Const. art. VI, cl. 2.  The provisions of a treaty have equal footing with acts of Congress and are binding on the courts. <u>See</u> <u>Asakura v. City of Seattle</u>, 265 U.S. 332, 341 (1924); <u>United States v. The Peggy</u>, 5 U.S. 103 (1801); <u>United States v. Emuegbunam</u>, 268 F.3d 377, 389 (6th Cir. 2001).  The provisions of a treaty should be construed liberally "to give effect to the purpose which animates it."  <u>United States v. Stuart</u>, 489 U.S. 353 (386) (1989) (internal quotations marks omitted).  To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute.  <u>Zschernig v. Miller</u>, 389 U.S. 429, 440-41 (1968).  A multilateral convention is a treaty under U.S. law.

11.      When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court orders under 18 U.S.C. § 3512.  This section authorizes a federal court to issue such orders and provides in pertinent part:

Upon application, duly authorized by an appropriate official of the Department of

---

[1] The term "Treaty" used herein encompasses bilateral treaties, multilateral conventions, instruments, and protocols.

Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

*               *               *

[A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.

*               *               *

The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

12.     Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme."  155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[2]  This section provides clear authority for the federal courts, upon application duly authorized by an appropriate official of the Department of Justice, to issue orders that are

---

[2] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign authorities.  See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were executed prior to enactment of section 3512); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782).  When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations.  See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

5

necessary to execute a foreign request.

13.     An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs[3] has reviewed and authorized the request, and executes the request itself or delegates execution to another attorney for the government.[4]  Upon such a duly authorized application, Section 3512 authorizes a federal judge[5] to issue "such orders as may be necessary to execute [the] request," including:  (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things.  *See* 18 U.S.C. § 3512(a)(1)--(b)(1).  In addition, a federal judge may order any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence.  18 U.S.C. § 3512(a)(1).

14.     Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents.  The appointed person has authority to: (1) issue an order requiring a person to appear and/or produce documents or other things; (2) administer any necessary oaths; and (3) take testimony or statements and receive documents or

---

[3] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  *See* 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

[4] "Section 3512 can be invoked only when authorized by OIA. . . .  Such authorization occurs when an attorney for the government, or his or her office, receives the referral of the request for execution from OIA."  Memorandum from the Deputy Attorney General to Department of Justice Components (May 16, 2011) (on file with the Office of International Affairs).

[5] The term "federal judge" includes a magistrate judge.  <u>See</u> 18 U.S.C. § 3512(h)(1); Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

other things.  18 U.S.C. § 3512(b)(2).  In ordering a person to appear and/or produce documents

or other things, the person appointed, commonly referred to as the "commissioner," typically

uses a subpoena entitled "Commissioner's Subpoena."  Any such subpoena may be served or

executed anywhere in the United States.  18 U.S.C. § 3512(f).  A sample "Commissioner's

Subpoena" is included as Attachment A.

REQUEST FOR ORDER

15.     The Office of International Affairs has reviewed and authorized the Request, and

is executing the Request itself.  Consequently, this application for an Order appointing the

undersigned attorney as a commissioner to collect evidence and to take such other action as is

necessary to execute the Request has been "duly authorized" within the meaning of Section

3512.  In addition, the Request was submitted by an appropriate "foreign authority," the Office

of the Prosecutor General, the designated Central Authority in Georgia, and seeks assistance in

the investigation of fraud and money laundering –criminal offenses in Georgia.  The requested

Order is necessary to execute the Request, and the assistance requested, i.e., the production of

bank records and witness interviews, falls squarely within that contemplated by Section 3512 and

the Convention.  Finally, this application was properly filed in the District of Columbia.

16.     This application is being made *ex parte*, consistent with U.S. practice in its

domestic criminal matters.

17.     When executing a foreign request for assistance in a criminal matter, both Section

3512 and the Convention authorize the use of compulsory process comparable to that used in

domestic criminal investigations and/or prosecutions.  Because subpoenas utilized in U.S.

criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to

any person other than the recipient (i.e., no notice to targets or defendants), orders and

7

commissioner subpoenas issued in execution of a foreign request pursuant to Section 3512 and the applicable convention likewise should require no notice other than to the recipients.  This is true even if the Requesting State, as here, seeks financial records, because the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., including its notice provisions, does not apply to the execution of foreign requests for legal assistance.  Young v. U.S. Dept. of Justice, 882 F.2d 633, 639 (2d Cir. 1989), cert. denied, 493 U.S. 1072 (1990); In re Letters of Request from the Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993); In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti, 669 F. Supp. 403, 407 (S.D. Fla. 1987).  Accordingly, this Court should authorize a commissioner to collect the evidence requested without notice to any person(s) or entity(ies) other than the recipient(s) of any given commissioner subpoena.

18.     Therefore, the United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Philip R. Mervis, Trial Attorney, Office of International Affairs (or a substitute or successor subsequently designated by the Office of International Affairs) as a commissioner, authorizing the undersigned to take the actions necessary, including the issuance of commissioner's subpoenas, as needed, to collect the

evidence necessary to execute any pending request for assistance and any subsequent, supplemental requests in connection with the same matter, in a manner consistent with the intended use of the evidence.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

By: _____

Philip R. Mervis
Trial Attorney
FL Bar Number 41633
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W.
Washington, D.C. 20530
(202) 616-2718
Philip.Mervis@usdoj.gov

**ATTACHMENT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

|  | ) |
| IN RE APPLICATION OF USA PURSUANT | ) |
| TO 18 U.S.C. § 3512 FOR ORDER FOR | ) |
| COMMISSIONER'S APPOINTMENT FOR | ) |
| *[Insert Nature of Case/Investigation]* | ) |
|  | ) |
|  | ) |

Reference:       *[Insert DOJ#]*
(***Please repeat when responding.***)

## COMMISSIONER'S SUBPOENA

TO: *[Insert Name of Entity]*

I, Commissioner *[Insert Attorney Name]*, Trial Attorney, Office of International Affairs, Criminal Division, U.S. Department of Justice, acting pursuant to 18 U.S.C. § 3512, and this Court's Order signed on *[Insert Date]*, for the purpose of rendering assistance to *[Insert Country]*, command that you provide the following documents regarding (an) alleged violation(s) of the laws of *[Insert Country]*; specifically, *[Insert Name of Offense(s)*, in violation of Section *[Insert Number]* of the *[Insert Country Adjective] [Criminal][Penal]* Code.

Provide records to International Affairs Specialist *[Insert Name]* by emailing them to *[Insert Email Address]* or by mailing via FedEx either a paper copy of the records or any commonly used digital storage device loaded with the files to the following mailing address by _____, 20__:

*[Insert IAS Name, Mailing Address, Email Address, and Telephone Number]*

For failure to provide records and/or appear for testimony, you may be deemed guilty of contempt and liable to penalties under the law.

Date: _____

                                        _____

COMMISSIONER
*[Insert Name]*
Trial Attorney
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W.
Washington, D.C. 20530
(202) *[Insert Number]*
*[Insert Email Address]*

2